**UNITED STATES**

v.

**Airman First Class Jonathan A. CAMPBELL, United States Air Force.**

**ACM 33647 (f rev).**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 28 Jan. 1999.

Decided 18 Nov. 2002.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Terry L. McElyea, Captain Patrick J. Dolan, and Captain Antony B. Kolenc.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Colonel LeEllen Coacher, Lieutenant Colonel Lance B. Sigmon, Lieutenant Colonel Bryan T. Wheeler, and Major Adam Oler.

Before SCHLEGEL, Senior Judge, BRESLIN, and STONE, Appellate Military Judges.

## OPINION OF THE COURT UPON FURTHER REVIEW

SCHLEGEL, Senior Judge:

The appellant was convicted by a general court-martial of wrongful use of marijuana on divers occasions. Article 112a, UCMJ, 10 U.S.C. § 912a. He was acquitted of using methamphetamine on divers occasions. He was one of eight individuals court-martialed for drug-related offenses. His approved sentence consisted solely of a bad-conduct discharge. On appeal, he asked us to set aside his conviction and sentence based on allegations that prosecutors pressured the witnesses against him to provide false testimony in order to preserve their pretrial agreements. He also claimed that his conviction was legally insufficient. We affirmed the findings and sentence, based on evidence in the record of trial, and denied his motion for discovery. *United States v. Campbell*, ACM 33647 (A.F.Ct.Crim.App. 13 Mar 2001). On 30 August 2002, the United States Court of Appeals for the Armed Forces set aside our decision and ordered us to determine whether an ethics investigation into allegations of prosecutorial misconduct existed. *United States v. Campbell*, 57 M.J. 134, 139 (2002). In the event an ethics investigation based on the appellant's post-trial complaint was conducted, we were required to review it in camera and determine whether any information was relevant to the appellant's claim that prosecutor's suborned perjury. *Id.* We also were empowered to order additional factfinding if necessary. *Id.*

On 16 September 2002, we issued an order to The Judge Advocate General's Ethics Administrator in furtherance of the remand. On 15 October 2002, we received a copy of an ethics investigation and exhibits, under seal, into allegations of prosecutorial misconduct in connection with the appellant's court-martial and three other individuals at Elmendorf Air Force Base, Alaska.

After reviewing the investigation and exhibits in camera, we find that no further factual inquiry is required. We also find the investigation contains no credible evidence to support the appellant's claim of prosecutorial misconduct.

Furthermore, as we noted in our previous opinion, AB Leavitt was questioned by the judge at the appellant's court-martial to determine if prosecutors coerced him into giving untruthful testimony in order to preserve his pretrial agreement. During that exchange with the judge, AB Leavitt testified that he felt a self-imposed "pressure to perform" by wording things that "maybe twist the truth." He then explained that sometimes questions were asked by counsel from both sides in a way that did not give him an opportunity to explain his answer, or suggested an answer that was not truthful. However, AB Leavitt assured the military judge that his testimony at the appellant's court-martial was truthful. Finally, even after AB Leavitt testified at the appellant's court-martial that he never observed him use methamphetamine, which resulted in an acquittal on that specification, the government made no effort to revoke AB Leavitt's pretrial agreement. Instead, AB Leavitt voluntarily withdrew from the agreement.

We find that the appellant's allegations of prosecutorial misconduct are completely without merit. We order the investigation and exhibits sealed and attached to the record of trial for review by our superior court.

Upon reconsideration, the approved findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (2000). Accordingly, the approved findings and sentence are

AFFIRMED.